**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Bryan Stewart,<br><br>Plaintiff,<br><br>v.<br><br>Golden Victory Medical LLC,<br><br>Defendant. | Case No.: 0:22-cv-02145-ECT-LIB<br><br>**GOLDEN VICTORY MEDICAL LLC'S ANSWER TO COMPLAINT AND COUNTERCOMPLAINT AGAINST BRYAN STEWART** |

Defendant Golden Victory Medical LLC ("Defendant" or "GVM"), by and through its undersigned attorney states and alleges for its Answer to Plaintiff Bryan Stewart's ("Plaintiff" or "Stewart") Complaint as follows:

1. Denies each and every paragraph, allegation, matter and thing set forth in Plaintiff's Complaint unless herein admitted or qualifiedly admitted.

**NATURE OF THE ACTION**

2. As to paragraph 1 of Plaintiff's Complaint, GVM admits that Plaintiff's pretended cause of action is characterized as a retaliation claim governed by the provisions of the False Claims Act, 31 U.S.C.A. § 3730(h)(1) ("False Claims Act" or "FCA"). However, GVM strenuously denies that there is a factual basis for said claim and holds Plaintiff to strict proof as to said facts as alleged in the Complaint.

3. As to paragraph 2 of Plaintiff's Complaint, GVM admits that Plaintiff's pretended cause of action is characterized as breach of contract claim. However, GVM

strenuously denies that there is a factual basis for said claim and holds Plaintiff to strict proof as to said facts as alleged in the Complaint.

**THE PARTIES**

4. As to paragraphs 3 and 4 of Plaintiff's Complaint, GVM admits the allegations contained therein.

**SUBJECT MATTER JURISDICTION AND VENUE**

5. As to paragraphs 5 and 6 of Plaintiff's Complaint, GVM admits the allegations contained therein.

**FACTUAL ALLEGATIONS**
**Background Information**

6. As to paragraphs 7, 8, 9 and 11 of Plaintiff's Complaint, GVM admits the allegations contained therein.

7. As to paragraph 10 of Plaintiff's Complaint, GVM denies said allegation and holds Plaintiff to strict proof thereof.

**Relevant Billing Regulations**

8. As to paragraphs 12 through 19 of Plaintiff's Complaint, GVM admits the allegations contained therein.

**Stewart's Efforts to Stop Fraudulent Government Billing Practices at GVM**

9. As to paragraphs 20 through 32 of Plaintiff's Complaint, GVM denies said allegations and holds Plaintiff to strict proof thereof.

10. In truth and in fact, one of the reasons that GVM hired Stewart was to address and remediate the very issues that Stewart alleges that he "discovered."

**Retaliatory Termination**

11. As to paragraphs 33 through 41 of Plaintiff's Complaint, GVM denies said allegations and holds Plaintiff to strict proof thereof.

**COUNT I**
**(Violation of the False Claims Act, 31 U.S.C.A. §3730 (h)(1))**

12. As to paragraph 42 of Plaintiff's Complaint, those allegations are cumulative and have been answered previously. As such, no further responses is required of GVM.

13. As to paragraphs 43 through 46 of Plaintiff's Complaint, GVM denies said allegations and holds Plaintiff to strict proof thereof.

**COUNT II**
**(Breach of Contract )**

14. As to paragraph 47 of Plaintiff's Complaint, those allegations are cumulative and have been answered previously. As such, no further responses is required of GVM.

15. As to paragraphs 48 through 50 of Plaintiff's Complaint, GVM denies said allegations and holds Plaintiff to strict proof thereof.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**
**Failure to State a Claim**

1. Plaintiff has failed to state a claim upon which relief can be granted. The basis for the Plaintiff's claimed pursuant to 31 U.S.C.A. § 3730(h)(1) was well known to CMS prior to Plaintiff being hired. As to the state law breach of contract claim, GVM's Employment Agreement with Plaintiff is at will.

**Second Affirmative Defense**
**Breach of Contract**
**Stewart Created a Hostile Work Environment and was Terminated for Cause**

2. Plaintiff's actions at GVM which include but is not limited to racism and unprofessional conduct such as verbally harassing and shaming employees, many times in the presence of others, created a hostile work environment necessitating his termination "for cause."

**Third Affirmative Defense**
**Breach of Implied Warranty of Good Faith**

3. GVM's Employment Agreement with Plaintiff was predicated on an implied covenant of good faith. Plaintiff's foregoing behavior was not in good faith.

**Fourth Affirmative Defense**
**Stewart's Employment Contract was "At will"**

4. GVM's Employment Agreement with Plaintiff is at will.

**Fifth Affirmative Defense**
**Stewart Had Undisclosed Conflicts of Interest**

5. Stewart tried to "take over" GVM's business from its existing owners. Without first obtaining or advising GVM's board or seeking its approval, Stewart entered into a $360,000 contract with an "information technology vendor" that had little or no benefit to GVM. Additionally, without first obtaining or advising GVM's board or seeking its approval, Stewart had GVM enter into a contractual relationship for human resource consulting services with a company in which he is a principal.

**Sixth Affirmative Defense**
**Additional Defenses**

6. GVM alleges that it may have additional defenses that cannot now be articulated; and therefore, reserves the right to amend this Answer.

**PRAYER FOR RELIEF**

**WHEREFORE,** GVM prays for an order that Plaintiff's Complaint be dismissed with prejudice, that it be awarded its costs and attorney fees incurred in defending this matter and for such other and further relief as the Court may deem equitable and just.

**COUNTERCOMPLAINT**

Plaintiff GVM for its Countercomplaint against Defendant Stewart states and alleges as follows:

**FACTS**

1. GVM restates and realleges each and every allegation and thing as pled above and incorporates the same as if restated herein.

2. During Plaintiff's tenure at GVM, Plaintiff was the cause of a hostile work environment.

3. Interviews with GVM staff members revealed that Plaintiff was openly disrespectful of and demonstrated a racist attitude toward staff members of color.

4. Those same interviews revealed that Plaintiff engaged rageful verbal tyrants and incessant criticism of staff members which resulted in stress for those employed at GVM. One of the GVM's staff members who Plaintiff targeted, repeatedly broke down in tears in front of her colleagues after Plaintiff's ruthless attacks.

5. After investigating the staff members complaints and learning of Plaintiff's outrageous behavior, GVM was left with no alternative but to terminate Plaintiff's employment for cause.

6. Plaintiff, without the consent of GVM's directors and outside the scope of his authority provided for in his Employment Agreement, entered into a $360,000 contract with an information technology vendor whom it is likely, but presently unknown, whether Plaintiff had an undisclosed relationship.

7. The technology depicted at paragraph 6 has little if any value to GVM.

8. Plaintiff retained a company in which he was as principal, known as Victory Strategies, to provide human resource management consulting services for GVM without first disclosing the obvious conflict of interest.

8. GVM learned that Plaintiff was surreptitiously attempting to take GVM's business away from its owners.

9. Upon information and belief, Plaintiff has been communicating and transmitting to CMS information about GVM which may or may not be accurate. It is likely that Plaintiff's motives are out of spite for GVM terminating his employment or maybe to gain control of GVM or both.

**COUNT II**
**(Breach of Contract )**

10. GVM restates and realleges each and every allegation and thing as plead paragraphs 1 through 10 above and incorporates the same as if restated herein.

11. Plaintiff's previously described behavior and actions are in violation of the terms of his Employment Agreement and conduct reasonably expected of someone who was in a management position.

12. GVM was entitled to terminate Plaintiff's Employment Agreement as a matter of law.

13. GVM is entitled to recover damages from Stewart for breaching the terms of the Employment Agreement in amount in excess of $75,000.

**COUNT II**
**(Tortious Interference with Business)**

14. GVM restates and realleges each and every allegation and thing as pled in paragraphs 1 through 13 above and incorporates the same as if restated herein.

15. Stewart knew that GVM's business is owned by Luthor and Brown.

16. Stewart's attempt to take Luthor's and Brown's business resulted in harm to GVM by creating stress and uncertainty in GVM's work place.

17. It is possible that Stewart created unfounded legal issues with CMS.

18. Stewart's unauthorized decision to purchase information technology that GVM did not need will lead to unnecessary legal issues as GVM tries to extract itself from that contract.

19. Stewart's behavior and actions to attempt to take over GVM were unjustified.

20. GVM is entitled to recover damages from Stewart for breaching the terms of his employment in amount in excess of $75,000.

## PRAYER FOR RELIEF

**WHEREFORE,** GVM prays for an order that it be awarded an amount to be proved at trial in excess $75,000; its costs and attorney fees incurred in defending this matter and for such other and further relief as the Court may deem equitable and just.

Dated: November 07, 2022

/s/ Mark J. Kallenbach
Mark J. Kallenbach, Esq. (146468)
2260 Ridge Drive, No. 13
Minneapolis, MN 55416
Tel.: (952) 593-3858
Fax.: (952) 406-8881
E-mail: markkallenbach@comcast.net

Attorney for Defendant Golden Victory Medical LLC