UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Bryan Stewart, | Case No. 22-cv-2145 (ECT/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Golden Victory Medical LLC, | |
| Defendant. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, and upon Defendant's Motion to Stay Proceedings. [Docket No. 19]. After conducting a hearing on the present Motion, the undersigned took Defendant's Motion to Stay Proceedings under advisement on May 15, 2023. [Docket No. 28].

For the reasons discussed below, Defendant's Motion to Stay Proceedings, [Docket No. 19], is **DENIED**.

**I.   Background**

The present case arises from Plaintiff's termination as Chief Executive Officer of Defendant Golden Valley Medical LLC ("GVM") and allegations of retaliatory discharge. Specifically, Plaintiff alleges that, within four months of being hired, he commissioned a third-party auditing firm to audit GVM's coding and billing practices, which he had identified errors in. (Complaint, [Docket No. 1], at ¶¶ 20-22). Plaintiff alleges that the audit ultimately revealed signs of fraudulent government billing practices, which Plaintiff attempted to stop, but he was then wrongfully terminated on June 1, 2022, for supposed allegations of racism, sexism, and falsification of company timekeeping records. (Id. at ¶¶ 23-34). As such, Plaintiff filed his

Complaint against GVM on August 31, 2022, bringing a retaliation claim under the False Claims Act, 31 U.S.C.A §3730(h)(1), as well as, a state law claim for breach of employment contract.  (Id. at ¶¶ 42-50).

After waiving service of process, GVM timely answered on November 7, 2022.  [Docket No. 9].  For its Counterclaim, GVM alleged claims of breach of contract and tortious interference with business, asserting that Plaintiff was terminated for cause for engaging in self-dealing and creating a hostile work environment, among other things.  (Id.).

The Court entered a Pretrial Scheduling Order on December 30, 2022, setting the discovery deadline to May 1, 2023, and a trial ready date of November 1, 2023, among other deadlines.  [Docket No. 17].

Consequently, Plaintiff served GVM with his First Set of Interrogatories and Requests for Production of Documents on February 12, 2023, setting GVM's deadline to respond by March 14, 2023.  (Kallenbach Decl., [Docket No. 22], at ¶ 6).  However, in March 2023, GVM's counsel informed Plaintiff's counsel that it would not comply with Plaintiff's discovery requests because Elizabeth Christine Brown and Gabriel Luthor, who are owners of GVM, would be unable to sign verifications of the Interrogatories without waiving their rights against self-incrimination.  (Plf.'s Mem., [Docket No. 26], at pp. 4-5).

Specifically, GVM has informed the Court that, on January 12, 2023, the United States executed a search warrant on its clinic and office in Las Vegas, Nevada wherein computers and records were seized; that a search warrant was executed that same day in Eden Prairie, Minnesota on Ms. Brown and Mr. Luthor's residence; and that Ms. Brown and Mr. Luthor are now targets of a federal investigation of fraudulent Medicare billing.  (Def.'s Mem., [Docket No. 21], at pp. 2-3; Kallenbach Decl., [Docket No. 22], at ¶ 7; Wold Decl., [Docket No. 23], at ¶¶ 7-10; see also Plf.'s

Mem., [Docket No. 26], at p. 1). GVM has also informed the Court that Ms. Brown and Mr. Luthor each retained counsel to represent them in the federal criminal investigation, and they were each advised by their criminal defense attorneys to invoke their Fifth Amendment privilege at this time in the present civil proceeding. (Wold Decl., [Docket No. 23], ¶¶ 8-11).

On May 1, 2023, GVM filed the present Motion, requesting a stay of civil discovery in this proceeding until the federal criminal investigation against its owners, Ms. Brown and Mr. Luthor, has been resolved. In support, GVM asserts that, as the only parties who have knowledge to answer and respond to Plaintiff's discovery requests, Ms. Brown and Mr. Luthor would risk potential criminal exposure in signing and verifying GVM's Interrogatory responses. GVM also asserts that its ability to respond to Plaintiff's discovery requests properly and meaningfully has been further frustrated by the Government's seizure of its computers and records. Plaintiff opposes the motion.

## II.  Discussion

The Fifth Amendment ordinarily does not mandate a stay of civil proceedings when related criminal proceedings are pending. Koester v. Am. Republic Invs., Inc., 11 F.3d 818, 823 (8th Cir. 1993). However, courts may choose to stay a civil proceeding "pending the completion of parallel criminal prosecutions when the interests of justice seem[ ] to require such action." United States v. Kordel, 397 U.S. 1, 12 n.27 (1970). "[T]he strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter. Under such circumstances, denying a stay might undermine a defendant's Fifth Amendment privilege against self-incrimination." Id. "However, a civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege. Therefore, to warrant a stay, defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will

so overlap that effective defense of both is impossible." Koester, 11 F.3d at 823 (internal citations omitted).

Furthermore, in evaluating whether a stay is appropriate, courts have also considered:

(1) the plaintiffs' interest in proceeding expeditiously with litigation and the potential prejudice to the plaintiffs of a delay; (2) the burden that the proceeding will cause the defendants; (3) the convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the public's interests in the pending civil and criminal litigation.

Fid. Nat. Title Ins. Co. of New York v. Nat'l Title Res. Corp., 980 F. Supp. 1022, 1024 (D. Minn. 1997) (citing Keating, 45 F.3d at 324–25).

GVM asserts that civil discovery in this matter should be stayed pending the conclusion of the federal criminal investigation and potential prosecution against Ms. Brown and Mr. Luthor so as not to undermine their Fifth Amendment privilege against self-incrimination. In other words, GVM and its owners, Ms. Brown and Mr. Luthor, have not been indicted nor is it clear when or whether they will be indicted. See State Farm Mut. Auto. Ins. Co. v. Healthcare Chiropractic Clinic, Inc., No. 15-cv-2527 (SRN/HB), 2016 WL 9307608, at *3 (D. Minn. Apr. 26, 2016) ("Courts consider the indictment status in determining whether a civil lawsuit involves issues identical to those in a criminal investigation."). However, absent an actual indictment, any prosecution against them is merely speculative at this point. Indeed, this also renders it difficult for the Court to determine whether the issues between the civil litigation and the criminal proceeding are identical, which weighs strongly against a stay. See S.E.C. v. Brown, 06–cv–1213 (PAM/JSM), 2007 WL 4192000, at *1 (D. Minn. July 16, 2007), aff'd, No. 06–cv–1213 (JRT/FLN), 2007 WL 4191998 (D. Minn. Nov. 21, 2007) (providing that where there has been no indictment, the case for staying the civil matter is "a far weaker one.").

Beyond the posture of the pending criminal investigation, the Court finds that the factors identified in Fidelity demonstrates that no stay of civil discovery is warranted here.

Plaintiff is correct that GVM's briefing exclusively relies on the burden that proceeding with this civil litigation will cause it if GVM is required to answer Plaintiff's pending interrogatories and document requests. As such, the Court will address this factor first.

*The Burden on Defendant*. GVM argues that it is unable to answer Plaintiff's Interrogatories because doing so would undermine Ms. Brown and Mr. Luthor's Fifth Amendment privilege, and in support, points to General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204 (8th Cir. 1973) for the general proposition that "where no corporate agent can answer the propounded interrogatories without being subject to a 'real and appreciable risk' of self-incrimination," a protective order should be issued. However, GVM's reliance is misplaced. While GVM asserted in its briefing that Ms. Brown and Mr. Luthor are the only parties who have knowledge to answer and respond to Plaintiff's Interrogatories, at the May 15, 2023, Motions hearing, GVM's counsel acknowledged that it employs a general counsel and had employed other corporate officers during the time Plaintiff was employed as CEO of GVM. Therefore, General Dynamic is inapposite to the determination of whether a protective order should be issued in this case where there are several corporate agents that may be designated to respond to Plaintiff's Interrogatories—Ms. Brown and Mr. Luthor are not the only sources of information available to GVM.

Furthermore, Ms. Brown and Mr. Luthor are not even named defendants in this case. This is important to note because, while the Court acknowledges, and the parties agree, that their privilege against self-incrimination are entitled to protection, nothing prevents Ms. Brown and Mr. Luthor from still participating in this action and protecting themselves from self-incrimination by selectively invoking their Fifth Amendment privilege at a deposition, for example. Indeed,

deposition testimony responding to Interrogatory responses by and on behalf of GVM are not attributable to Ms. Brown and Mr. Luthor because they would be testifying on behalf of the LLC and not against themselves.

By contrast, as to the only named defendant in this case and to the extent GVM is a target of the Government's criminal investigation of Medicare billing fraud, GVM, as an LLC, does not enjoy Fifth Amendment privileges. See United States v. White, 322 U.S. 694, 699 (1944) ("Since the privilege against self-incrimination is a purely personal one, it cannot be utilized by or on behalf of any organization, such as a corporation." (citation omitted)). Nor could Ms. Brown or Mr. Luthor assert their personal Fifth Amendment privilege on behalf of GVM to avoid answering Plaintiff's Interrogatories. See Brown, 2007 WL 4192000, at *2-4 (concluding that even where an individual defendant is at the "core of the defendant corporation[ ])."

Turning to Plaintiff's document requests, the Court is equally unconvinced that an indefinite stay is necessary here to postpone document production considering the pending criminal investigation against Ms. Brown and Mr. Luthor. Again, even if GVM were the target of said federal criminal investigation, GVM itself cannot assert a Fifth Amendment privilege to block the production of corporate documents that may be used against it in any potential parallel criminal proceeding. State Farm, 2016 WL 9307608, at *5. And even if it did enjoy a Fifth Amendment privilege, GVM has not shown that it could not produce responsive documents without risking self-incrimination. Indeed, when signing all paper discovery, it is GVM's counsel who would be attesting to making a reasonable inquiry of the facts, including producing all available non-privileged, responsive documents—not GVM. Fed. R. Civ. P. 26(g)(1). Furthermore, GVM's memorandum in support of its motion points to only one specific concern with respect to complying with Plaintiff's document requests—that the Government has seized its computers and

records, which necessarily renders any responsive documents unavailable. However, there is nothing in the record to show that copies of said documents are not available on the "cloud," and therefore inaccessible to GVM. Therefore, this factor weighs against stay of discovery.

*Plaintiff's interests and potential prejudice*. This factor focuses on Plaintiff's right to pursue his case and vindicate his claim expeditiously. Plaintiff asserts that this case could be pending for years and there is no indication of when the criminal investigation will result in an indictment against Ms. Brown and Mr. Luthor, if an indictment is ever filed, which would further delay this case and prevent Plaintiff from obtaining the relief he seeks. GVM argues that Plaintiff would benefit from a stay because, should the Government return GVM's computers and records, GVM will be in a better position to answer and respond to Plaintiff's discovery.

The Court agrees with Plaintiff that, given that an indictment has not yet been filed against Ms. Luthor and Mr. Brown, and that there is no indication if one will be ever filed, there is a strong likelihood of a lengthy, indeterminate delay in this case should the Court now grant the requested stay. Indeed, a delay can result in prejudice to Plaintiff when "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time." Fidelity, 980 F. Supp. at 1024. Therefore, this factor weighs against a stay.

*Convenience of the courts*. This factor focuses on whether the prosecution of the criminal case will facilitate the adjudication of the civil case. Plaintiff argues that the instant civil retaliation case is less complex, and that granting the instant motion and waiting for an actual indictment to be filed against Ms. Brown and Mr. Luthor would complicate this case by imposing limitations on GVM's discovery obligations.

The Court recognizes its "responsibility to keep its calendar moving to provide litigants expeditious determination of their cases." Edwards v. Thomas, No. 4:19-CV-4018, 2020 WL

7

888538, at *1 (W.D. Ark. Feb. 24, 2020) (quoting White v. Mapco Gas Prod., Inc., 116 F.R.D. 498, 502 (E.D. Ark. 1987)).  However, "stays can 'promote efficiency and avoid duplication as this Court and the parties would have the benefit of the transcripts and rulings in the criminal action.'" Ruszczyk as Tr. for Ruszczyk v. Noor, 349 F. Supp. 3d 754, 763 (D. Minn. 2018) (quoting Crawford & Sons, Ltd. v. Besser, 298 F.Supp.2d 317, 319 (E.D.N.Y. 2004)).  Additionally, "the resolution of the criminal case might reduce the scope of discovery in th[is] civil case or otherwise simplify the issues." Id. at 763-64 (quoting Brock v. Tolkow, 109 F.R.D. 116, 120 (E.D.N.Y. 1985)).  As such, while a stay would delay the resolution of this case, the Court does not anticipate that it will impose any other burdens on the Court.  Therefore, this factor weighs in favor of a stay.

*Interest of non-parties*.  This factor addresses similar concerns as the previous one, only the interests of non-parties who may be burdened with involvement in unnecessary or duplicative litigation are addressed.  However, there are no non-parties burdened by the civil proceeding here where there is no pending criminal proceeding.  Consequently, this factor is neutral.

*The public interest.*  "Courts around the country have recognized that 'the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant.'" State Farm, 2016 WL 9307608, at *6 (quoting Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D.N.Y. 2003)).  However, neither party has identified any public interest that will be significantly affected by the outcome of this civil case.  Therefore, this factor is neutral.

In sum, the Court finds that the burden on Plaintiff of granting a stay substantially outweighs the burden on GVM of denying a stay.  Therefore, the Court finds that a stay of civil discovery is not warranted here where GVM has failed to make the necessary "strong showing"

8

that it should be protected from having to respond to Plaintiff's pending Interrogatories and Document Requests.

Accordingly, GVM's Motion to Stay Proceedings, [Docket No. 19], is **DENIED**.

### III.  Conclusion

Therefore, for the foregoing reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Stay Proceedings, [Docket No. 19], is **DENIED**.

Dated: June 12, 2023　　　　　　　　　　　　　s/Leo I. Brisbois
　　　　　　　　　　　　　　　　　　　　　　　Hon. Leo I. Brisbois
　　　　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE