UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Bryan Stewart,

Plaintiff and Defendant to Counterclaim

v.

Golden Victory Medical LLC,
Defendant and Counterclaimant.

Case No. 22-cv-2145 (ECT/ LIB)
**ORDER**

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and upon Defendant's counsel's Motion to Withdraw as Counsel Without Substitution. [Docket No. 30]. Following a Hearing, the Court took Defendant's counsel's Motion to Withdraw under advisement. (Minute Entry [Docket No. 38]).

For the reasons discussed below, Defendant's counsel's Motion to Withdraw as Counsel Without Substitution, [Docket No. 30], is **GRANTED**.

## I. Background

Plaintiff, Bryan Stewart, filed his Complaint on August 31, 2022, against Golden Victory Medical, LLC. (Compl. [Docket No. 1]). Stewart alleges, amongst other claims, that Golden Victory violated the employment retaliation provision of the False Claims Act, 31 U.S.C. § 3730(h)(1). (Id. ¶ 1). Golden Victory Medical, LLC, is co-owned by Gabriel Luthor ("Luthor") and Elizabeth Brown ("Brown"). (Declaration of Mark J. Kallenbach [Docket No. 33] at 1). By November 7, 2022, Golden Victory Medical, LLC, was represented by Mark J. Kallenbach in this case. (Answer to Complaint [Docket No. 9]).

As noted during the Hearing before this Court, Mr. Kallenbach worked closely with the principals of his client, Luthor and Brown, and received communications from them via email during the early stages of that representation. Mr. Kallenbach also received payments from his client.

However, trouble arose when the owners of his client, Luthor and Brown, cut all ties with their Attorney, Mr. Kallenbach. Luthor and Brown ceased answering Mr. Kallenbach's email correspondence; their last email communications to him occurred on March 21, 2023. (Memorandum [Docket No. 32] at 2). The pair also refused to answer phone calls from Mr. Kallenbach after their last communication by telephone occurred sometime in mid-March of 2023. (Id.; Declaration of Mark J. Kallenbach [Docket No. 33] ¶ 6). In addition, Mr. Kallenbach's client ceased paying its attorney; its last payment occurred at the beginning of 2023. (Id. at 7-8).

In total, Mr. Kallenbach attempted to restore contact with the principals of his client at least 30 times following April 11, 2023. (Memorandum [Docket No. 32] at 2; Declaration of Mark J. Kallenbach [Docket No. 33] ¶ 6). During this time, there has been an outstanding discovery request directed to the Defendant LLC that has gone unanswered because the principals of the LLC, Luthor and Brown, have not given Mr. Kallenbach the information necessary to answer the request.

Meanwhile, Luthor and Brown obtained their own separate legal counsel for a related potential criminal matter. Mr. Kallenbach addressed two emails to Luthor and Brown and their legal counsel advising them of Mr. Kallenbach's desire to withdraw from the representation of the LLC in this case. (Declaration of Mark J. Kallenbach [Docket No. 33] ¶ 9). These emails were sent in June of 2023, and Mr. Kallenbach has yet to receive an answer from his client's owners or their own counsel. (Id. ¶ 9). He now asks this Court to permit him to withdraw from representing Golden Victory Medical, LLC, without substitute counsel.

## II. Defendant's Counsel's Motion to Withdraw Without Substitution. [Docket No. 30].

The decision of whether to allow counsel to withdraw is left to the discretion of the district court. Fleming v. Harris, 39 F.3d 905, 908 (8th Cir. 1994) (citing Whitmore v. Avery, 26 F.3d 1426, 1430 (8th Cir. 1994)).

"The District of Minnesota has adopted the Minnesota Rules of Professional Conduct as the standards governing lawyers who appear in its courts. The Minnesota Rules of Professional Conduct provide that a lawyer may withdraw from representing a client if . . . good cause for withdrawal exists." Sanford v. Maid-Rite Corp., 816 F.3d 546, 549 (8th Cir. 2016). Accordingly, Rule 83.7(c) of the Local Rules for the United States District Court of the District of Minnesota provides, in pertinent part, that "[a]n attorney who seeks to withdraw [in the absence of substitute counsel] must move to withdraw and must show good cause. The attorney must notify his or her client of the motion." In this context, however, "[w]hat constitutes 'good cause' for the withdrawal of counsel, without substitution, cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw." Witthuhn v. Nationstar Mortgage, LLC, No. 13-cv-680 (JNE/JJK), 2014 WL 12616771, at *1 (D. Minn. March 20, 2014); Cabo Holdings, LLC v. Engelhart, No. 7-cv-3524 (PJS/RLE), 2008 WL 4831757, at 4 (D. Minn. Nov. 3, 2008).

Motions to withdraw from representation without substitution of counsel "are inherently fact-specific," and "the factual circumstances, which drive such Motions, must be considered in the context of the attorney's duties to the Court, to the client, and to the profession." Cabo Holdings, LLC, 2008 WL 4831757, at 3. The Courts of this District assess an attorney's performance of their duties by reference to the Minnesota Rules of Professional Conduct. See, e.g., Id. (referring to Minnesota Rule of Professional Conduct 1.16 in determining whether to grant a

motion to withdraw as counsel); Stillpass v. Mortgage Fin. Planners, LLC, No. 7-cv-2323 (JRT/FLN), 2009 WL 8531429, at 3 (D. Minn. July 17, 2009) (same); Luiken v. Domino's Pizza, LLC, No. 9-cv-516 (DWF/AJB), 2009 WL 4723296, at 3 (D. Minn. Dec. 2, 2009) (same).

The Minnesota Rules of Professional Conduct provide that a lawyer "shall withdraw" from representing a client if "the representation will result in violation of the Rules of Professional Conduct or other law;" "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or" "the lawyer is discharged." Minnesota Rules of Professional Conduct 1.16(a) (emphasis added). This is referred to as mandatory withdrawal because the demonstration of any of these three circumstances is per se good cause for withdrawal. See Gold's Gym Licensing, LLC v. K-Pro Mktg. Grp., Inc., No. 09cv1211 (PJS/RLE), 2009 WL 3520858, at 2 (D. Minn. Oct. 26, 2009).

The Minnesota Rules of Professional Conduct also provide that a lawyer may withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interest of the client;
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists.

Minnesota Rules of Professional Conduct 1.16(b). These circumstances are referred to as permissive withdrawal. See Ivers v. CMFG Life Ins. Co., No. 15-cv-1577 (WMW/JJK), 2016 WL 11031189, at 1 (D. Minn. Apr. 5, 2016).

## III. Analysis

In the present case, the record now before the Court (including Mr. Kallenbach's representations to the Court at the Motions Hearing) shows that good cause exists to permit Mr. Kallenbach's permissive withdrawal as counsel for the Defendant LLC without substitution. First, the owners of the LLC, Luthor and Brown, have failed to act to fulfill the LLC client's obligations to Mr. Kallenbach to provide the information required for the LLC's defense. In addition, Mr. Kallenbach notified Luthor, Brown, and their own criminal attorney of his desire to withdraw from representing the LLC but has received no response. Thus, Mr. Kallenbach has satisfied the elements of Rule 1.16(b)(5) of the Minnesota Rules of Professional Conduct.

Second, Luthor and Brown have put an unreasonable financial burden on Mr. Kallenbach by ceasing to pay for his services for over eight months. In addition, Golden Victory's silence has made it unreasonably difficult to provide an adequate defense. Thus Mr. Kallenbach has satisfied Rule 1.16(b)(6).

Third, the Defendant LLC will not suffer a material adverse effect from its lawyer withdrawing. The Court will provide the LLC's principals, Luthor and Brown, with reasonable time to secure new counsel. Additionally, this case was only filed a little over one year ago, and although discovery deadlines in the existing pretrial schedule have lapsed, it is within the Court's discretion over managing pending cases to amend the pretrial schedule to ameliorate any potential adverse effect on either party that may arise from Defense counsel's withdraw. Thus, this Court finds that Mr. Kallenbach also satisfies Rule 1.16(b)(1).

Given the foregoing, the totality of the circumstances, and the fact that Mr. Kallenbach's motion is unopposed by either the Plaintiff or the Defendant LLC, the Court finds the Movant's

argument for withdrawal as counsel is supported by Rules 1.16 (b) (1), (5), (6), and (7) of the Minnesota Rules of Professional Conduct.

Therefore, Defendant's counsel's Motion to Withdraw as Counsel Without Substitution, [Docket No. 30] is **GRANTED**. Mr. Kallenbach will no longer be counsel of record for the Defendant LLC in the present action. As a limited liability company, the Defendant, Golden Victory Medical, LLC, may not proceed pro se, but rather, it must be represented by counsel.[1] Therefore, to the extent the Defendant LLC has not already secured substitute counsel to represent it in this matter, the Defendant LLC is given thirty (30) days to retain new counsel.

## IV. Conclusion

For the foregoing reasons, and based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Defendant's counsel's Motion to Withdraw as Counsel Without Substitution, [Docket No. 30], is **GRANTED;**

[1] As a limited liability company, Golden Victory Medical, LLC, cannot appear pro se in this litigation, even through party representatives who are its sole owners or members. Carr Enters., Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983) ("It is well settled law that a corporation may be represented only by licensed counsel."); S.E.C. v. Lawton, No. 09-cv-368 (ADM/AJB), 2011 WL 1467742, at 1 (D. Minn. Apr. 18, 2011) (providing that an LLC cannot proceed pro se in a federal court action) aff'd, 449 Fed. App'x 555 (8th Cir. 2012); Scherber Cos. LLC v. T. Scherber Demolition & Excavating L.L.C., 2020 U.S. Dist. LEXIS 63651. It is well established that a layperson may not represent a corporation, unincorporated entity, or partnership in judicial proceedings, as such an entity may appear only by counsel. EEOC v. Leiferman Enters., LLC, 2007 U.S. Dist. LEXIS 113139; Mendenhall v. Goldsmith, 59 F.3d 685, 687 n. 1 (7th Cir.1995) (dismissing appeal filed by a layperson on behalf of a corporation); In re America West Airlines, 40 F.3d 1058, 1059 (9th Cir.1994) ("Corporations and other unincorporated associations must appear in Court through an attorney."). This rule applies regardless of whether the individual is the corporation's sole owner or shareholder. Id. The same rule applies to partnerships and other unincorporated organizations. See Runkle v. United States, 962 F. Supp. 1112, 1113 (N.D. Ind. 1997); Move Organization v. United States Department of Justice, 555 F. Supp. 684, 692-93 (E.D.Pa.1983); Turner v. American Bar Association, 407 F. Supp. 451, 476 (N.D.Tex., 1975); Pilla v. American Bar Association, 542 F.2d 56 (8th Cir.1976). Failure of the Defendant, LLC, to secure substitute legal counsel MAY have adverse consequences for the LLC in the future defense. For example, an opposing party could file a motion for an unrepresented LLC's default under Rule 55 of the Federal Rules of Civil Procedure. See Sanford v. Maid-Rite Corporation, 816 F.3d 546, 550 (8th Cir. 2016) ("plaintiffs would be entitled to default judgment against Maid–Rite if it were unable to secure substitute counsel") (citing Erie Molded Plastics, Inc. v. Nogah, LLC, 520 Fed. App'x 82, 85 (3rd Cir. 2013); see also Stephenson v. Deutsche Bank AG, 2007 WL 763087, at 17 (D. Minn. Mar. 9, 2007) (noting that motion to strike complaint of a corporation attempting to proceed without representation had been granted).

2. As soon as practicable and in any event by no later than five (5) business days from the date of this Order, Mr. Kallenbach shall serve upon the Defendant LLC, through its owners, Luthor and Brown, and their personal criminal defense counsel, a copy of the present Order;
3. Mr. Kallenbach shall file, on CM/ECF, a certificate of service demonstrating the service of this Order as directed in paragraph 2; and
4. As soon as practicable thereafter and in any event by no later than thirty (30) days after service of the present Order, Defendant, Golden Victory Medical, LLC, shall have its substitute counsel enter a notice of appearance in the present action.[2]

Dated: September 22, 2023

s/Leo I. Brisbois
Hon. Leo I. Brisbois
U.S. MAGISTRATE JUDGE

[2] Defendant, LLC's, owners or representatives should endeavor to collect the case file from Mr. Kallenbach as soon as practicable.